UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:18 CR 631** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Germine Bradley,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant Germine Bradley's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 26). For the following reasons, the motion is DENIED.

**Facts**

On November 8, 2018, defendant pled guilty to six counts of Possession of a Controlled Substance with the Intent to Distribute, 21 U.S.C. § 841(a)(1). Defendant was under supervised release in Case Number 1:06-CR-488 at the time of this plea, resulting in a violation of defendant's supervised release terms. On February 14, 2019, this Court sentenced defendant to a

1

term of imprisonment of 71 months for the new law violation and 46 months imprisonment for the supervised release violation with the sentences to run consecutively. Defendant filed a notice of appeal on June 22, 2020. The Sixth Circuit dismissed the appeal as untimely, *sua sponte*, on September 15, 2020. Defendant filed this §2255 motion on August 5, 2021.

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside, or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).

**Analysis**

Defendant raises three grounds for relief in this motion: (1) counsel was ineffective for failing to appeal upon defendant's request; (2) counsel was ineffective for failing to challenge the sentence defendant received upon revocation of his supervised release; and (3) counsel was ineffective in failing to negotiate a favorable plea agreement. The government argues that defendant's motion should be dismissed as untimely.

Motions under 28 U.S.C. § 2255 are generally subject to a one-year statute of limitations.

*See* § 2255(f)(1). The time period begins to run on "the date on which the judgment of conviction becomes final . . . ." *Id.* A conviction becomes final when "the time for direct appeal expires and no appeal has been filed, not when an untimely appeal is dismissed." *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013) (citation omitted). If applicable, the limitations period may run later under 28 U.S.C. § 2255(f)(4) from "the date on which the facts supporting the claim . . . could have been discovered through the exercise of due diligence."

This time limitation may be equitably tolled, but "federal courts grant such relief sparingly." *Moore v. United States*, 438 Fed. App'x 445, 449 (6th Cir. 2011) (citation omitted). For equitable tolling to apply, the plaintiff must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. *Id.* (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)).

Defendant's motion is untimely because it was filed approximately two and a half years after his conviction became final, well beyond the one-year limitations period. Nor is defendant entitled to the later date provided under § 2255(f)(4). In defendant's June 2020 notice of appeal, he stated that he directed his attorney to appeal and that his attorney failed to do so. Thus, at the latest, defendant was aware at that point that no appeal had been filed and yet he waited nearly a year after the Sixth Circuit dismissed the appeal to file his §2255 motion.

Defendant is not entitled to equitable tolling. Defendant maintains that his untimeliness is due to ineffective assistance of counsel. But, defendant knew in September 2020 that his appeal was dismissed and he does not explain why he waited nearly a year to file his §2255 motion. *See Brown v. United* States, 20 Fed. App'x 373, 375 (6th Cir. 2001) (discussing defendant's failure to explain diligence for nine months of the one-year period). Moreover, defendant filed a motion for

3

docket entries on August 12, 2019. This Court's Order of August 20, 2019, stated that the Clerk's Office sent defendant the docket entries and that no appeal had been filed. Therefore, defendant knew as early as August 2019 that no appeal had been filed. He waited almost two years to file his § 2255 motion.

For these reasons, the motion is untimely and the Court need not reach the merits of the motion.

### Conclusion

For the foregoing reasons, defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 22 U.S.C. § 2255 is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 2/16/22